IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | * |
| JAMES EDWARD FOSTER | * |
| | * |
| | * Criminal No. 08-00175-KD |
| | * |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Indictment in the above-entitled case, the United States sought forfeiture of property constituting or derive from any proceeds obtained, directly or indirectly, and/or property used to facilitate drug transactions of defendant James Edward Foster, pursuant to Title 21, United States Code, Section 853;

AND WHEREAS, pursuant to the guilty plea and the Plea Agreement and Factual Resume entered into between the United States and defendant James Edward Foster, the Court has determined that the following property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, and that the Government has established the requisite nexus between such property and such offenses:

**2002 Toyota Sequoia, VIN 5TDZT34 AX2S071614;**

AND WHEREAS, by virtue of said guilty plea and Plea Agreement and Factual Resume, the United States is now entitled to and should reduce the said property to its possession and notify any and all potential third parties who have or may have an interest in the forfeited property, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

That based on the guilty plea, the Plea Agreement and Factual Resume, and Fed.R.Crim.P 32.2(b)(3), all right, title and interest of defendant James Edward Foster in the above-described property is hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 18, United States Code, Section 853(n).

That the aforementioned property is to be held by the United States Marshals Service in their secure custody and control.

That pursuant to Title2l, United States Code, Section 853(n)(1), the United States shall publish notice of this order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest inthe forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

After the disposition of any motion filed under Fed. R. Crim. P.32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition

of all third-party interest, or, if none, following the expiration of the period provided in Title 2l, United States Code, Section 853(n)(2) for the filing of third-party petitions.

If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P.32.2(c)(2).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P.32.2(e).

The Clerk of the Court shall forward three (3) certified copies of this Order to Assistant U.S. Attorney Gloria A. Bedwell, U.S. Attorney's Office, Southern District of Alabama.

DONE this the 24th day of April 2009.

>                /s/ Kristi K. DuBose
>                **KRISTI K. DuBOSE**
>                **UNITED STATES DISTRICT JUDGE**